IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SANDRA ANN BROWN                                                                                    PLAINTIFF

vs.                                          Civil No. 6:13-cv-06140

CAROLYN W. COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Sandra Ann Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her current disability applications on October 7, 2010.  (Tr. 10, 126-138).  In these applications, Plaintiff alleges being disabled due to asthma, diabetes, and "possibly cancer on lungs."  (Tr. 175).  These applications were denied initially and again upon reconsideration.  (Tr. 66-69).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, on July 19, 2012, the ALJ held an administrative hearing on Plaintiff's applications. (Tr. 27-64). At this hearing, Plaintiff was present and was represented by Donald Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Michael Welch testified at this hearing. *Id.* During this hearing, Plaintiff testified she was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 31-32). Plaintiff also testified she completed the twelfth grade in high school. (Tr. 32).

On October 26, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 7-21). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: diabetes mellitus, asthma, obesity, degenerative disease of the right knee, and mild mental retardation. (Tr. 12-13, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-20, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she should never climb ropes, ladders, or scaffolds, but can occasionally balance, kneel, crawl, and climb ramps and stairs. She can frequently stoop and crouch, but must avoid moderate exposure to fumes,

2

>odors, gases, dust, poor ventilation, and hazards such as heights, machinery, or moving vehicles. Mentally, due to her limited education and mild mental retardation, she is limited to unskilled work. Unskilled work is work where interpersonal contact is only incidental to the work performed; any tasks could be learned by rote, contain few variables and require little judgment and any required supervision would be simple, direct and concrete.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 20, 61-64). Considering the VE's testimony and Plaintiff's RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as an inspector or checker. *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ also determined Plaintiff had not been under a disability, as defined in the Act, from October 15, 2008 through the date of his decision or through October 26, 2012. (Tr. 20, Finding 7).

Thereafter, on November 6, 2012, Plaintiff requested the review of the Appeals Council. (Tr. 5). On November 4, 2013, the Appeals Council denied this request for review. (Tr. 1-3). Plaintiff then filed her Complaint in this case on November 27, 2013. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 18, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 12-13. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff claims the following: (A) the ALJ erred in failing "to properly assess . . . [her] . . . low I.Q. (12.05) and low GAF"; (B) the ALJ erred in evaluating whether her impairments met the requirements of Listing 1.02; (C) the ALJ erred in discrediting her subjective complaints and the findings of her treating psychiatrist; (D) the ALJ erred in his RFC determination; and (E) the ALJ erred by failing to submit a complete hypothetical to the VE. ECF No. 12 at 1-20. The Court will address each of the arguments Plaintiff has raised.

**A.      Low IQ Score and Low GAF**

Plaintiff claims the ALJ erred in failing to properly assess her low IQ under Listing 12.05 and her low Global Assessment of Functioning ("GAF") score. ECF No. 12 at 8-12. With this argument, Plaintiff raises two issues: (1) whether the ALJ properly considered her low IQ score and (2) whether the ALJ properly considered her low GAF score. *Id.*

First, Plaintiff claims the ALJ did not properly consider her low IQ score. ECF No. 12 at 9-11. Plaintiff specifically claims her low IQ score qualifies her as disabled under Listing 12.05. *Id.*

5

Based upon her briefing, it also appears Plaintiff only claims she qualifies as disabled under subpart C of Listing 12.05: "A valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant work-related limitation of function." (emphasis added). To her credit, Plaintiff does reference in her briefing one IQ assessment where her "Working Memory" and full scale IQ score was placed in the range of 60 through 70. ECF No. 12 at 10 (Tr. 322-324). Indeed, on September 10, 2012, Plaintiff was assessed as a part of a Mental Diagnostic Evaluation and Intellectual Assessment as having this lower IQ score. (Tr. 322-324). Thus, the Court can assume the first requirement of Listing 12.05(C) has been met.

Plaintiff, however, fails to establish that she *also* suffers from "a physical or other mental impairment imposing an additional and significant work-related limitation of function." This second part of Listing 12.05(C) is also required for the Court to find Plaintiff's mental impairment meets the requirements of Listing 12.05(C). Plaintiff has the burden of demonstrating her impairment meet all–not some–of the requirements of a Listing. *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) (holding "[t]he burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing").

Here, by not demonstrating her impairments meet the requirements of the second part of Listing 12.05(C), Plaintiff has not met her burden. Instead, in her briefing, Plaintiff supplies vague generalizations such as the following: "In this case Plaintiff's limitations imposed by her impairments and related symptoms of difficulty walking, chronic pain, obesity, and low I.Q. and mental impairments can be viewed as exertional limitations, since they affect her strength demands such as sitting, standing, lifting, carrying, pushing, pulling and walking. Therefore, the rule

6

contained in Appendix Two will determine whether the Plaintiff is disabled. 20 C.F.R. § 416.969A(b)(1992)." ECF No. 12 at 11. This "showing" is simply not sufficient to meet Plaintiff's burden. Accordingly, the Court will not address this issue further.

Second, Plaintiff claims the ALJ erred in considering one low GAF score. ECF No. 12 at 8-9. Plaintiff is correct that she was assessed as having a GAF score of 41-50. (Tr. 257). Specifically, on December 14, 2010, Plaintiff was evaluated as a part of a Mental Diagnostic Evaluation by Dr. Julie Schroeder Wallace, Ph.D. (Tr. 254-258). During this evaluation, Plaintiff was found to have a GAF score of 41-50. (Tr. 257).

In this report, however, Dr. Wallace also stated she believed Plaintiff was malingering: "Informal validity assessment techniques were employed. The claimant reported yes to experiencing every suggested symptom exaggeration and atypical symptom pattern that the examiner asked about. . . ." (Tr. 258). The fact Plaintiff was malingering certainly undermines the validity of Plaintiff's low GAF score.

Further, despite Plaintiff's claim that the ALJ did not consider his low GAF score, the ALJ *did consider* this low GAF score in his opinion. (Tr. 18). He noted this GAF score of 41-50 but also found it was not reliable because Plaintiff was found to have been malingering at this examination and because "the statements in Dr. Wallace's report are inconsistent with the claimant's testimony." (Tr. 17-18). Based upon these findings, the Court finds no basis for reversal on this issue.[2]

---

[2] It is also worth noting that in the two cases Plaintiff cites on this issue, *Conklin v. Astrue,* 360 F. App'x 704, 707 (8th Cir. 2010) and *Pate-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009), there were *multiple* low GAF scores. In this case, Plaintiff references only one low GAF score. Upon review of the record, there may be one other GAF score of 50 (Tr. 324), but this still does not establish the repeatedly low GAF scores that were present in both *Conklin* and *Pates-Fires.*

      **B.**      **Listing 1.02 ("Major Dysfunction of a joint(s) (due to any cause)")**

Plaintiff claims the ALJ erred in finding her impairments did not meet the requirements of Listing 1.02. ECF No. 12 at 12-14. As Plaintiff herself notes, however, Listing 1.02 requires evidence of a "gross anatomical deformity." *Id.* Examples of such a deformity include "subluxation, contracture, bony or fibrous ankylosis, instability." *Id.*

In Plaintiff's case, however, she has provided no evidence–or even argument–as to which "gross anatomical deformity" she has. Accordingly, Plaintiff has not met her burden establishing her impairments meet the requirements of Listing 1.02. *See Johnson,* 390 F.3d at 1070. Thus, this Court will not address this issue further.

      **C.**      **ALJ's Evaluation of Plaintiff's Subjective Complaints and the Findings of Her Treating Psychiatrist**

Plaintiff claims the ALJ erred in evaluating her subjective complaints and the findings of her treating psychiatrist. ECF No. 12 at 14-16. In her briefing, however, Plaintiff did not raise any specific errors in the ALJ's evaluation of either her subjective complaints or the findings of her psychiatrist. *Id.* Thus, the Court will generally consider the ALJ's evaluation of both Plaintiff's subjective complaints and the findings of Plaintiff's treating psychiatrist.

      **i.**      **Plaintiff's Subjective Complaints**

Plaintiff claims the ALJ erred in evaluating her subjective complaints. ECF No. 12 at 14-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R.

§ 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. Notably, the ALJ discounted Plaintiff's subjective complaints after finding the following: (1) Plaintiff can perform a number of daily activities, including preparing "meals daily, cleans, and does laundry," has a driver's license, and "was noted to have walked two miles in November 2011"; (2) Plaintiff does not take her medication, including her medication for diabetes, "as she should" and is noncompliant with treatment; (3) Plaintiff has been diagnosed with asthma but still continues to smoke; (4) Plaintiff's doctor found "she is used to working from morning to night and not quitting" but she has less than $57,000.00 in lifetime earnings, which indicates she has been supplying different stories regarding her ability to work to different people; and (5) Plaintiff "has applied for and received unemployment benefits since she allegedly became disabled." (Tr. 15-20). Based upon these findings, because the ALJ's credibility determination is supported by "good reasons," it is entitled to deference. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013).

As a final point on this issue, Plaintiff argues the ALJ erred in evaluating her alleged prostitution. ECF No. 12 at 3. Specifically, Plaintiff alleges the "ALJ stated he believed Plaintiff worked off the books as a prostitute." *Id.* Plaintiff also argues that "[t]here is nothing in the record that shows she was working as a prostitute." *Id.* Plaintiff is, however, incorrect as to both claims. First, the ALJ stated he *did not* believe she worked as a prostitute. In his opinion, the ALJ stated the following: "I believe she probably *has not* worked off the books as a prostitute . . ." (Tr. 18) (emphasis added). Second, the record *does support* a finding that she worked as a prostitute. Indeed, on December 14, 2010, Plaintiff reported to Dr. Wallace that "[s]he prostituted herself for money off and on during her periods of unemployment." (Tr. 255). Thus, the Court finds Plaintiff's

arguments on this issue are meritless.

### ii. Plaintiff's Treating Psychiatrist

Under this argument header, Plaintiff claims the ALJ erred by discounting the findings of her treating psychiatrist. ECF No. 12 at 14-16. Plaintiff, however, does not provide any argument as to *what* opinions from *which* psychiatrist were improperly discounted. *Id.* Indeed, it appears Plaintiff does not have a treating psychiatrist. All of the mental examinations included in the record are consultative examinations ordered at the direction of the SSA. Further, on December 14, 2010, Plaintiff reported "[s]he has never received treatment for psychiatric issues." (Tr. 254). Thus, the Court can find no basis for reversal on this issue.

### D. ALJ's RFC Determination

Plaintiff argues the ALJ erred in evaluating her RFC. ECF No. 12 at 16-17. Again, Plaintiff raises broad allegations regarding her limitations without citing any evidence in support, whether testimonial or medical. *Id.* In his opinion, the ALJ found Plaintiff retained the capacity to perform a limited range of light work. (Tr. 15, Finding 5). The ALJ accounted for both physical and mental limitations in assessing Plaintiff's RFC. *Id.* Thus, the Court finds no basis for reversal on this issue.

### E. Hypothetical to the VE

Plaintiff claims the ALJ erred by supplying a defective hypothetical to the VE which did not contain all of her limitations. ECF No. 12 at 17-19. In making this argument, Plaintiff again challenges the ALJ's assessment of her low IQ. *Id.* However, as stated previously, the ALJ *did provide* mental limitations in his RFC assessment. Notably, the ALJ found the following: "Mentally, due to her limited education and mild mental retardation, she is limited to unskilled work. Unskilled work is work where interpersonal contact is only incidental to the work performed; any tasks could

be learned by rote, contain few variables and require little judgment and any required supervision would be simple, direct and concrete." (Tr. 15). Plaintiff has not demonstrated her limitations are any greater than those found by the ALJ. Accordingly, the Court finds no basis for reversal on this issue.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of January 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE